| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**SOUTHERN DISTRICT OF NEW YORK** | |
| **In re** | **Chapter 11** |
| **CENTURY 21 DEPARTMENT**<br>**STORES LLC, et al.,** | **Case No. 20-12097 (SCC)** |
| Debtors[1] | **(Jointly Administered)** |
| CENTURY 21 DEPARTMENT STORES, LLC, 66 PEARL RETAIL, LLC, 66 PEARL RETAIL II, LLC, 66 PEARL RETAIL ISG, LLC, 173 BWAY BLUE LLC, 262 MOTT BLUE TIC LLC, 444 86 BLUE LLC, MIAMI DD 101 BLUE LLC, 28 NEWBURY JSRE TIC LLC, TRUE BLUE ASSOCIATES LLC, STAR OF DAVID, IRAYMOND-77 WARREN LLC, SABRA ASSOCIATES LLC, 315 SEVENTH RETAIL LLC, WEBWAY ASSOCIATES LLC, and CENTURY 21, INC., | **Adv. Proc. No. 20-1222 (SCC)** |
| Plaintiffs, | |
| v. | |
| STARR SURPLUS LINES INSURANCE CO., ALLIANZ GLOBAL RISKS US INSURANCE CO., AXIS SURPLUS LINES INSURANCE CO., LIBERTY MUTUAL FIRE INSURANCE CO., STEADFAST INSURANCE CO., ENDURANCE AMERICAN SPECIALTY INSURANCE CO., EVANSTON INSURANCE CO., LANDMARK AMERICAN INSURANCE CO., QBE SPECIALTY INSURANCE CO., GREAT AMERICAN FIDELITY INSURANCE CO., and CERTAIN UNDERWRITERS AT LLOYDS SUBSCRIBING TO POLICY Nos. PG1902704, PG1902346, PG1902696, PG1902698, PG1902707, PG1902702, and PG1902712. | **CONFIDENTIALITY**<br>**AGREEMENT AND**<br>**STIPULATED PROTECTIVE ORDER** |
| Defendants | |

---

[1] The "Debtors" in these chapter 11 cases (the "Chapter 11 Cases"), along with the last four digits of each Debtor's federal tax identification number, as applicable, are Century 21 Department Stores LLC (4073), L.I. 2000, Inc. (9619), C21 Department Stores Holdings LLC (8952), Giftco 21 LLC (0347), Century 21 Fulton LLC (4536), C21 Philadelphia LLC (2106), Century 21 Department Stores of New Jersey, L.L.C. (1705), Century 21 Gardens of Jersey, LLC (9882), C21 Sawgrass Blue, LLC (8286), C21 GA Blue LLC (5776), and Century Paramus Realty LLC (5033). The Debtors' principal place of business is: 22 Cortlandt Street, 5th Floor, New York, NY 10007.

This Confidentiality Agreement and Stipulated Protective Order for the referenced Adversary Proceeding (the "**AP Protective Order**") is entered into by and among the Plaintiffs and Defendants in this Adversary Proceeding. Each of the persons or entities identified in the foregoing sentence shall be referred to herein individually as a "**Party**," and, collectively, as the "**Parties**." The Parties stipulate and agree as follows:

1.      Pending its approval by the Court, and if this AP Protective Order is not entered by the Court for any reason, the Parties shall continue to abide by its terms with respect to any "Discovery Material" (as defined herein) produced prior to the Court's decision not to enter this AP Protective Order unless the Court otherwise determines.

2.      All deadlines stated herein shall be computed pursuant to Rule 9006 of the Federal Rules of Bankruptcy Procedure.

## Scope of Order

3.      This AP Protective Order applies to all information, documents and things exchanged, produced or otherwise disclosed, either by a Party or a non-Party (each a "**Producing Party**"), to any other Party or non-Party (each a "**Receiving Party**") in response to any Discovery Request in connection with above-referenced adversary proceeding (the "**Adversary Proceeding**"). This includes without limitation, deposition testimony (whether based upon oral examination or written questions), interrogatories, answers to interrogatories, requests for admission, responses to requests for admission, documents, information and things produced (including documents, information and things produced to a Receiving Party for inspection and documents, whether in the form of originals or copies) as well as any and all copies, abstracts, digests, notes, summaries, and excerpts thereof (collectively referred to as "**Discovery Material**").

4.      The Parties agree that the U.S. Trustee may be provided access to Discovery Material. For purposes of this Order, the U.S. Trustee includes his Assistants, agents and employees as well as anyone else employed by the U.S. Trustee Program and the Executive Office for U.S. Trustees. If the U.S. Trustee is given access to Confidential Material  or Highly Confidential Material, he shall be deemed bound by the provisions of this Order.

5.      This AP Protective Order applies to all non-Parties that are served with subpoenas in connection with the Adversary Proceeding or who otherwise produce documents or are noticed for depositions with respect to the Adversary Proceeding, and all such non-Parties are entitled to the protections afforded hereby and subject to the obligations contained herein upon signing the Declaration attached hereto as Exhibit A and agreeing to be bound by the terms of this Order.

6.      Any Party or its counsel serving a subpoena upon a non-Party, which subpoena requires the production of documents or testimony, shall serve a copy of this AP Protective Order along with such subpoena and instruct the non-Party recipient of such subpoena that he, she, or it may designate documents or testimony in the Adversary Proceeding produced pursuant to such subpoena according to the provisions herein.

### Designating Discovery Material

7.      Any Producing Party may designate Discovery Material as "**Confidential Material**" that such Producing Party believes in good faith (or with respect to documents received from another person, has been reasonably advised by such other person) to constitute or include information (a) that contains trade secrets or competitively sensitive technical, marketing, financial, sales, or other confidential business information; (b) that contains private or confidential personal information; (c) that contains information received in confidence from third parties or is under a preexisting obligation to a third party to treat as confidential; or (d) that qualifies for protection

3

under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure (the "**FRCP**"), provided that such information has not been made public and that the Producing Party would not make such information public in the ordinary course of its activities, such as nonpublic technical, business, strategic, proprietary, competitive, commercially sensitive, trade secret or financial information with respect to the current business interests of the Producing Party or its clients or affiliates, and personal information or other information of a similar nature. For the avoidance of doubt, nothing herein shall be construed to suggest that any Confidential Material disclosed pursuant to this AP Protective Order constitutes material nonpublic information for purposes of U.S. securities laws. A Producing Party, when producing or disclosing any Confidential Material shall mark that Confidential Material with the following or similar legend: "CONFIDENTIAL" or "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER."

8.      Any Producing Party may designate Discovery Material as "**Highly Confidential Material**" that such Producing Party believes (or with respect to documents received from another person, has been reasonably advised by such other person) constitutes trade secrets or other highly sensitive financial or business information and that qualifies for protection under Rule 26(c)(1)(G) of the FRCP, provided that such information has not been made public and that the Producing Party would not make such information public in the ordinary course of its activities, and provided further the such information is of such a nature that a genuine risk of competitive injury would be created if such Discovery Material were disclosed to persons other than those identified in Paragraph 14 of this Order. To the extent any materials (or portions thereof) prepared by industry advisors, financial advisors, accounting advisors, experts (consulting or testifying) and consultants (and their respective staff) that are retained by the signatories to the Order in connection with the Adversary Proceeding ("**Advisory Materials**") include or reveal Highly Confidential Discovery

Material (as defined in this paragraph) those  portions, and only those portions, of such Advisory

Materials may be designated Highly  Confidential. For the avoidance of doubt, nothing herein shall

be construed to suggest that any  Highly Confidential Material disclosed pursuant to this Order

constitutes material non-public  information for purposes of U.S. securities laws. A Producing

Party, when producing or  disclosing any Highly Confidential Material (including without

limitation any information,  document, thing, interrogatory answer, admission, pleading, or

testimony) shall mark that  Material with the following or similar legend: "HIGHLY

CONFIDENTIAL" or "HIGHLY   CONFIDENTIAL - SUBJECT TO DISCOVERY

CONFIDENTIALITY ORDER."

9.      **Undesignated Material**: Any Discovery Material designated as Confidential shall

be deemed "Designated Material." Subject to the rights and obligations of the Parties under

Paragraphs 10-11 of this AP Protective Order, no Party shall have any obligation or duty to

maintain as confidential or prevent from disclosure any Discovery Material that is not Designated

Material.

10.      **Inadvertent Failure To Designate**: A Party's inadvertent failure to designate any

Discovery Material as "Confidential" or "Highly Confidential"  shall not be deemed a waiver of

that Party's later claim that such Discovery Material is Designated Material or is entitled to another

designation pursuant to this Order ("**Misdesignated Material**"). At such time, and subject to

applicable law, arrangement will be made for the destruction of the Misdesignated Material or for

the return to the Producing Party of all copies of the Misdesignated Material and for the substitution,

where appropriate, of properly labeled copies of such Discovery Material. Upon receipt of

replacement copies of such Misdesignated Material with the proper designation, the Receiving

Party or Parties shall take all commercially reasonable steps, subject to applicable law, to return or

destroy all previously produced copies of such Misdesignated Material. If requested by the Producing Party, a Receiving Party shall verify in writing that it has taken all commercially reasonable steps to return or destroy such Misdesignated Material. Good faith disclosure of any Misdesignated Material in compliance with the terms herein by a Receiving Party prior to the receipt of notice by a Producing Party of the Misdesignated Material shall not be deemed a violation of this AP Protective Order.

**Use and Disclosure of Designated Material**

11.    **General Limitations On Use And Disclosure Of Designated Material**: All Designated Material shall be used by the Receiving Parties solely for the purposes of litigating within the Adversary Proceeding. The Designated Material shall not be used for any other purpose absent Order of the Court or the written consent of the Producing Party.

12.    **Confidential Material**: Confidential Material, and any and all information contained therein, shall be given, shown, made available to or communicated only to the following:

(a)    The Parties, the Parties' Outside counsel (defined herein as any attorney at the Parties' outside law firms), and relevant in-house counsel for the Parties (defined herein as in-house counsel involved in the provision of advice to their respective clients regarding this Adversary Proceeding);

(b)    Outside experts, consultants, or financial advisors retained by outside counsel for the Parties for purposes of this Adversary Proceeding, provided they have signed the Declaration in the form provided as Exhibit A hereto;

(c)    Counsel to the Official Committee of Unsecured Creditors of Century 21 Department Stores, LLC, *et al*. (the "**Committee**") provided that they have signed the Declaration in the form provided as Exhibit A hereto;

(d)    Secretarial, paralegal, stenographic, clerical, duplicating, and data processing personnel employed by outside counsel for the Parties;

(e)    Vendors retained by or for the Parties to assist in preparing for pretrial discovery, trial and/or hearings, litigation support personnel, jury consultants, and consultants to prepare demonstrative and audiovisual aids for use in the courtroom, in depositions, or in mock jury sessions, as well as their staff, provided that they have signed the Declaration in the form provided as Exhibit A hereto;

(f)    The court and court personnel;

(g)    Court reporters; and

(h)    Any deponent or witness who was noticed for a deposition, or is on a witness list for hearing or trial, in preparation for or otherwise in connection with his or her noticed deposition, hearing, or trial testimony and who has signed the Declaration in the form provided as Exhibit A hereto.

13.    **Highly Confidential Material:** Highly Confidential Material, and any and all information contained therein, shall be given, shown, made available to or communicated only to the individuals identified in Paragraphs 12(b)-(g) and:

(a)    outside counsel for the Parties;

(b)    in-house counsel for the Parties who are responsible for the Adversary Proceeding;

(c)    any person who is indicated on the face of a document to have been an author, addressee or copy recipient thereof, an actual or intended recipient thereof, or in the case of meeting minutes, an attendee of the meeting;

(d)    any deponent or witness who was noticed for a deposition, or is on a witness list for hearing or trial, in preparation for or otherwise in connection with his or her noticed deposition,

hearing, or trial testimony where the witness is testifying as a witness on behalf of the Designating

Party pursuant to FRCP 30(b)(6), however, the only Highly Confidential Information that may be

given, shown, be made available to, or communicated to such a witness is that of the party for

which the deponent or witness is testifying; and

(e)    any other person or entity with respect to whom the Producing Party may consent

in writing.

14.    **Late Designation Of Discovery Material**: The failure to designate particular

Discovery Material as "Confidential" or "Highly Confidential" at the time of production shall

not operate to waive a Producing Party's right to later so designate such Discovery Material.

Notwithstanding the foregoing, no Party shall be deemed to have violated this AP Protective

Order if, prior to notification of any later designation, such Discovery Material was disclosed or

used in any manner consistent with its original designation but inconsistent with its later

designation. Once such later designation has been made, however, any Discovery Material shall

be treated in accordance with that later designation; provided, however, that if the material that

was not designated has been, at the time of the later designation, previously publicly filed with a

court, no Party shall be bound by such later designation except to the extent determined by the

Court upon motion of the Party or non-Party that failed to make the designation.

15.    **Unauthorized Disclosure Of Designated Material**: In the event of a disclosure

by a Receiving Party of Designated Material to persons or entities not authorized by this AP

Protective Order to receive such Designated Material, the Receiving Party making the

unauthorized disclosure shall, within two days of learning of the disclosure, notify the person or

entity to whom the disclosure was made that the disclosure contains Designated Material subject

to this AP Protective Order; make reasonable efforts to recover the disclosed Designated

Material as well as preclude further dissemination or use by the person or entity to whom the
disclosure was made; and within two days notify the Designating Party of the identity of the
person or entity to whom the disclosure was made, the circumstances surrounding the disclosure,
and the steps taken to recover the disclosed Designated Material and ensure against further
dissemination or use thereof. Disclosure of Designated Material other than in accordance with
the terms of this AP Protective Order may subject the disclosing person to such sanctions and
remedies as the Court may deem appropriate.

16.     **Manner Of Objecting To Designated Material**: If any Receiving Party objects to
the designation of any Designated Material (whether such designation is made on a permanent
basis or temporary basis with respect to deposition testimony), the Receiving Party shall first raise
the objection with the Designating Party in writing, and confer in good faith to attempt to resolve
any dispute. If the Receiving Party and the Designating Party cannot resolve their dispute, the
Receiving Party may submit a letter to the Court objecting to the designation and seeking its
removal or other appropriate relief (a "**Designation Objection**"). Any Party opposing such
Designation Objection may submit a response letter to the Court within five calendar days of the
date of submission of the Designation Objection. For the avoidance of doubt, the Parties shall
adhere to Paragraphs 18-22 hereof in connection with any such submissions. The Court may
order the removal of the "Confidential" or "Highly Confidential" designation from any
Discovery Material so designated subject to the provisions of this AP Protective Order, or such
other relief as it may deem just and proper. In connection with any request for relief concerning
the propriety of a "Confidential" or "Highly Confidential" designation, the Designating Party
shall bear the burden of proof.

17.     **Timing Of Objections To Designated Material**: A Receiving Party shall not be obliged to challenge the propriety of a confidentiality designation at the time made, and a failure to do so shall not preclude or have any relevance to a subsequent challenge thereto. The failure of any Party to challenge the designation by a Designating Party of Discovery Materials as "Confidential" or "Highly Confidential" during the discovery period shall not be a waiver of that Party's right to object to the designation at trial.

### Court Filings and Hearings

18.     **Sealing of Designated Material Filed With Or Submitted To Court**: Designated Material contained in pleadings, documents, or other papers (or attachments thereto) that a Party seeks to file with the Court shall be redacted and filed with the Court under seal.

19.     To file pleadings, documents or other papers (or attachments thereto) with the Court under seal, parties shall first file a motion seeking the Court's approval to file such material or information under seal pursuant to 11 U.S.C. Section 107(b), Federal Rule of Bankruptcy Procedure 9018 and any other applicable law and rules (a "**Sealing Motion**") and shall use all reasonable efforts to obtain an appropriate protective order from the Court.

20.     No such information shall be filed with the Court without the benefit of an appropriate protective order in form and substance reasonably acceptable to the Producing Party. Upon consultation, this requirement may be waived by the Producing Party, which shall grant such waivers as reasonably necessary to avoid needlessly burdening the record with materials and papers filed under seal.

21.     Any Party filing ("**Filing Party**") with the Court pleadings, documents or other papers (or attachments thereto) containing Designated Material under seal shall serve outside counsel for the Parties with un-redacted copies.

22.    Each Filing Party shall use best efforts when filing with the Court pleadings, documents, or other papers (or attachments thereto) to remove only Designated Material from pleadings, documents or other papers (or attachments thereto).

23.    **Use of Designated Material In Open Court**: The limitations on disclosure in this AP Protective Order shall not apply to any Discovery Materials offered or otherwise used by any Party at trial or any hearing held in open court except as provided in this paragraph. As part of any pretrial conference or any meet and confer regarding the use of exhibits in any evidentiary hearing, counsel for any Party who desires to offer or use such Designated Material at trial or any hearing to be held in open court shall use its reasonable best efforts to meet and confer in good faith at least seventy-two (72) hours prior to the use of any Designated Material at trial or any hearing to be held in open Court with the Designating Party together with any other Parties who have expressed interest in participating in such meet and confer, to discuss ways to redact or otherwise handle the Designated Material so that the material may be offered or otherwise used by any party, in accordance with the provisions of the Bankruptcy Code and Bankruptcy Rules. If the Parties are unable to resolve a dispute related to such Designated Material, then the Designating Party bears the burden of requesting relief from the Court and, in the absence of such relief, there shall be no limitations on the ability of the Parties to offer or otherwise use such Designated Material at trial or any hearing held in open court.

## Depositions

24.    **Deposition Testimony - Manner Of Designation:** In the case of depositions, if counsel for a Party or non-Party believes that a portion of the testimony given at a deposition should be Designated Material of such Party or non-Party, such testimony may be designated as appropriate by:

(a)    Stating so orally on the record and requesting that the relevant portion(s) of testimony is so designated; or

(b)    Providing written notice within 14 days of the Party's or non-Party's receipt of the final transcript from the court reporter that the relevant portion(s) of such transcript or videotape of a deposition thereof is so designated. Such designation and notice shall be made in writing to the court reporter, with copies to all other counsel, identifying the portion(s) of the transcript that is so designated, and directing the court reporter to treat the transcript as provided in Paragraph 29 below. Until expiration of the aforesaid 14-day period following receipt of the final transcript by the Parties or non-Parties, all deposition transcripts and videotapes shall be considered and treated as Confidential or Highly Confidential unless otherwise agreed on the record at the deposition.

25.    **Designated Material Used As Exhibits During Depositions**: Nothing in Paragraph 25 shall apply to or affect the confidentiality designations on Discovery Material entered as exhibits at depositions.

26.    **Witness Review Of Deposition Testimony:** Nothing in Paragraph 22 shall preclude the witness from reviewing his or her deposition transcript.

27.    **Presence Of Certain Persons During Designated Deposition Testimony**: When Designated Material is elicited during a deposition, persons not entitled to receive such information under the terms of this AP Protective Order shall be excluded from the portion of the deposition so designated.

28.    **Responsibilities And Obligations Of Court Reporters**: In the event that testimony is designated as Confidential  or Highly Confidential, the court reporter, who shall first have agreed to abide by the terms of this paragraph, shall be instructed to include on the cover page of each such transcript the legend: "This transcript portion contains information subject to a

Protective Order and shall be used only in accordance therewith" and each page of the transcript shall include the legend "Confidential" or "Highly Confidential" as appropriate. If the deposition is videotaped, the videotape shall also be subject to the same level of confidentiality as the transcript and include the legend "Confidential" or "Highly Confidential" as appropriate, if any portion of the transcript itself is so designated.

### General Provisions

29.     This AP Protective Order is a procedural device intended to protect Discovery Materials designated as Designated Material. Nothing in this AP Protective Order shall affect any Party's or non-Party's rights or obligations unrelated to the confidentiality of Discovery Materials.

30.     Nothing contained herein shall be deemed a waiver or relinquishment by any Party or non-Party of any objection, including but not limited to, any objection concerning the confidentiality or proprietary nature of any documents, information, or data requested by a Party or non-Party, any right to object to any discovery request, or any right to object to the admissibility of evidence on any ground, or to seek any further protective order, or to seek relief from the Court or any other applicable court from any provision of this AP Protective Order by application on notice on any grounds.

31.     **Inadvertent Production Of Privileged Discovery Material**: This AP Protective Order is entered pursuant to Rule 502(d) of the Federal Rules of Evidence. Inadvertent production of any Discovery Materials which a Party later claims in good faith should not have been produced because of a privilege, including but not limited to the attorney-client privilege or work product doctrine ("**Inadvertently Produced Privileged Information**"), will not by itself constitute a waiver of any applicable privilege. Within a reasonable period of time after a Producing Party discovers (or

upon receipt of notice from another Party) that it has produced Inadvertently Produced Privileged Information, the Producing Party shall request the return of such Inadvertently Produced Privileged Information by identifying in writing the Discovery Materials inadvertently produced and the basis for withholding such Discovery Materials from production. If a Producing Party requests the return of Inadvertently Produced Privileged Information pursuant to this paragraph and the Receiving Party does not dispute the privilege claim, the Receiving Party shall immediately take all commercially reasonable steps to return or destroy the Discovery Materials (and copies thereof) and shall take all commercially reasonable steps to sequester or destroy any work product that incorporates the Inadvertently Produced Privileged Information. If the Receiving Party disputes the privilege claim, it must notify the Producing Party of the dispute and the basis therefor in writing within ten (10) days of receipt of the Producing Party's notification. Other than for an *in camera* review in connection with seeking a determination by the Court, the Receiving Party may not use or disclose any alleged Inadvertently Produced Privileged Information until the dispute is resolved. The Parties shall thereafter meet and confer regarding the disputed privilege claim. If the Parties cannot resolve their dispute, either Party may seek a determination from the Court as to whether the privilege applies.

32.    **Use Of Non-Confidential Material**: To the extent that any Party has documents or information, including but not limited to Discovery Material, that (a) was already in its possession as of November 30, 2020, (b) was or is received by, or become or becomes available to a Party on a non-confidential basis not in violation of an obligation of confidentiality to any other person, (c) was independently developed by such Party without violating its obligations hereunder, or (d) was or becomes publicly available in a manner that is not in violation of this AP Protective Order or of any obligation of confidentiality to any other person, including a Party

(collectively "**Non-Confidential Material**"), nothing in this AP Protective Order shall limit a Party's ability to use such Non-Confidential Material for any purpose, including in a deposition, hearing, trial or otherwise. Nothing in this AP Protective Order shall affect the obligation of any Party to comply with any other confidentiality agreement with, or undertaking to, any other person or Party, including, but not limited to, any confidentiality obligations arising from agreements entered into prior to the Adversary Proceeding.

33.    **Obligations Following Conclusion Of The Adversary Proceeding**: Except as provided by law or as required by regulatory authority, unless otherwise ordered by the Court or agreed to in writing by the Designating Party, upon the request of any Party, within 90 days of the later of the conclusion of the Adversary Proceeding, including all appeals as to all Parties, all Parties and non-Parties shall take all commercially reasonable steps to return to counsel for the requesting Designating Party, or to destroy, all Designated Material, and all copies or notes thereof in the possession of any Party, except that: counsel may retain for its records their work product and a copy of court filings, deposition transcripts, deposition videotapes, deposition exhibits, expert reports, and exhibits introduced at any hearing; and a Receiving Party may retain Designated Material that may be required for regulatory recordkeeping purposes; <u>provided</u> that such retained documents will continue to be treated as provided in this AP Protective Order. If a Receiving Party chooses to take all commercially reasonable steps to destroy, rather than return, documents in accordance with this paragraph, that Receiving Party shall, if requested, verify such destruction in writing to counsel for the Designating Party. Notwithstanding anything in this paragraph, to the extent that the information in the Designated Material remains confidential, the terms of this AP Protective Order shall remain binding.

34.    **Continuing Applicability Of Confidentiality Agreement And Stipulated Protective Order**: The provisions of this AP Protective Order shall survive the final termination of the Adversary Proceeding for any retained Designated Material. The final termination of the Adversary Proceeding shall not relieve counsel or other persons obligated hereunder from their responsibility to maintain the confidentiality of Designated Material pursuant to this AP Protective Order, and the Court shall retain jurisdiction to enforce the terms of this AP Protective Order.

35.    **Amendment Of Confidentiality Agreement And Stipulated Protective Order**: Upon good cause shown, and on notice to all Parties, any Party may move to amend the provisions of this AP Protective Order at any time or the Parties may agree by written stipulation, subject to further order of the Court if applicable, to amend the provisions of the AP Protective Order.

36.    **Disclosure Of Designated Material In Other Proceedings**: Any Receiving Party that may be subject to a motion or other form of legal process or any regulatory process or demand seeking the disclosure of a Designating Party's Designated Material: (a) shall promptly notify the Designating Party (to the extent permitted by applicable law, regulation or government agency) to enable it to have an opportunity to appear and be heard on whether that information should be disclosed, and (b) in the absence of a court order preventing such legally required disclosure, the Receiving Party shall be permitted to disclose only that portion of the information that is legally required to be disclosed and shall inform in writing any person to whom such information is so disclosed of the confidential nature of such information.

37.    **Use of Designated Material By Producing Party**: Nothing in this AP Protective Order affects the right of any Producing Party to use or disclose its own Designated Material in any way. Subject to Paragraph 9, such disclosure will not waive the protections of this AP Protective

Order and will not entitle other Parties, non-Parties, or their attorneys to use or disclose such

Designated Material in violation of this AP Protective Order.

38.     **Advice Of Counsel**: Counsel for a Party may give opinions and advice relating

solely to these Chapter 11 Cases to his or her client based on counsel's evaluation of Highly

Confidential Material, but counsel may not thereby reveal the content of Highly Confidential

Material, other than to in-house counsel responsible for the Adversary Proceeding, except by prior

written agreement of the parties or by order of the Court.

39.     **Enforcement**: The provisions of this AP Protective Order constitute an Order of

this Court and violations of the provisions of this AP Protective Order are subject to enforcement

and the imposition of legal sanctions in the same manner as any other Order of the Court.

40.     This Confidentiality Agreement may be signed in counterparts, which, when fully

executed, shall constitute a single original, and electronic signatures shall be deemed original

signatures.

Dated: December 7, 2020     Respectfully submitted,
   New York, New York

             /s/  *Lucy F. Kweskin*     
             Lucy F. Kweskin
             Matthew A. Skrzynski
             **PROSKAUER ROSE LLP**
             Eleven Times Square
             New York, New York 10036
             Telephone:  (212) 969-3000
             Facsimile:  (212) 969-2900
             Email: lkweskin@proskauer.com
             Email: mskrzynski@proskauer.com

             Jeff J. Marwil (admitted *pro hac vice*)
             Brooke H. Blackwell (admitted *pro hac vice*)
             **PROSKAUER ROSE LLP**
             70 West Madison, Suite 3800
             Chicago, IL 60602-4342
             Telephone:  (312) 962-3550
             Facsimile:  (312) 962-3551

Email: jmarwil@proskauer.com
Email: bblackwell@proskauer.com

Peter J. Young (admitted *pro hac vice*)
**PROSKAUER ROSE LLP**
2029 Century Park East, Suite 2400
Los Angeles, CA 90067
Telephone: (310) 557-2900
Facsimile: (310) 577-2193
Email: pyoung@proskauer.com

*Attorneys for Debtors*
*and Debtors in Possession*

Dennis T. D'Antonio
**WEG AND MYERS, P.C.**
Federal Plaza
52 Duane Street, 2nd Floor
New York, New York 10007
(212) 227-4210

*Insurance Counsel for Debtor Plaintiffs*

/s/ *Tracy L. Klestadt*
Tracy L. Klestadt
**KLESTADT WINTERS JURELLER
SOUTHARD & STEVENS, LLP**
200 West 41st Street, 17th Floor
New York, New York 10036
Telephone:  (212) 972-3000
Facsimile:  (212) 972-2245
Email: tklestadt@klestadt.com

*Insurance Counsel for Non-Debtor Plaintiffs*

/s/ Matthew M. Burke
Meegan F. Hollywood
**ROBINS KAPLAN LLP**
399 Park Avenue, Suite 3600
New York, NY 10022
Telephone: (212) 980 7400
mhollywood@robinskaplan.com

Matthew M. Burke (admitted *pro hac vice*)
**ROBINS KAPLAN LLP**
800 Boylston Street, Suite 2500
Boston, MA 02199
Telephone: (617) 859-2711
mburke@robinskaplan.com

*Counsel to Certain Underwriters at Lloyd's
Subscribing to Policy Nos. B0180PG1902346,
B0180PG1902696, B0180PG1902698,
B0180PG1902702, B0180PG1902704,
B0180PG1902707, and B0180PG1902712;
Landmark American Insurance Co.; Liberty
Mutual Fire Insurance Co.; Starr Surplus
Lines Insurance Co.; and Steadfast Insurance
Company*

– and –

/s/ William M. Cooney
Corey R. Greenwald
William M. Cooney
**CLYDE & CO US LLP**
The Chrysler Building
405 Lexington Avenue, 16th Floor
New York, New York 10174
Telephone: (212) 710-3900
corey.greenwald@clydeco.us
william.cooney@clydeco.us

*Counsel to Endurance American Specialty
Insurance Co.*

– and –

/s/ Cynthia L. Bernstiel
Cynthia L. Bernstiel
**McCLELLAN BERNSTIEL, LLP**
5 Penn Plaza, 19th Floor

19

New York, NY 10001
Telephone: (718) 500-4109
cyndi@mcbelaw.com

George McClellan (admitted *pro hac vice*)
**MCCLELLAN BERNSTIEL, LLP**
103 Carnegie Center, Suite 300
Princeton, New Jersey 08540
Telephone: (609) 200-0570
george@mcbelegal.com

*Counsel to Evanston Insurance Company*

– and –

/s/ Isabella Stankowski-Booker
Isabella Stankowski-Booker
**ZELLE LLP**
45 Broadway, Suite 920
New York, New York 10006
Telephone: (646) 876-4411
istankowski@zelle.com

Shannon O'Malley (admitted *pro hac vice*)

Paige Tackett (admitted *pro hac vice*)
**ZELLE LLP**
901 Main Street, Suite 4000
Dallas, TX 75202
Telephone: (214) 742-3000
somalley@zelle.com
ptackett@zelle.com

*Counsel to QBE Specialty Insurance Company*

– and –

/s/ Michael D. Hynes
Michael D. Hynes
**DLA PIPER LLP (US)**
1251 Avenue of the Americas
New York, NY 10020
Telephone: (212) 335-4500
michael.hynes@dlapiper.com

*Counsel to Allianz Global Risks US Insurance Co.*

– and –

/s/ Joanna L. Young
Joanna L. Young
**KENNEDYS CMK LLP**
570 Lexington Avenue, 8th Floor
New York, New York 10022
Telephone: (212) 252-0004
joanna.young@kennedyslaw.com

Kristin V. Gallagher
**KENNEDYS CMK LLP**
120 Mountain View Boulevard
Post Office Box 650
Basking Ridge, New Jersey 07920
Telephone: (908) 848-6300
kristin.gallagher@kennedyslaw.com

*Counsel to AXIS Surplus Insurance Company*
*i/s/h/a AXIS Surplus Lines Insurance Co.*

– and –

/s/ Kevin Buckly
Kevin Buckley
Tyler Flynn
**MOUND COTTON WOLLAN &
GREENGRASS LLP**
One New York Plaza, 44th Floor
New York, New York 10004
Telephone: (212) 804-4200
kbuckley@moundcotton.com
tflynn@moundcotton.com

*Counsel to Great American Fidelity Insurance*
*Company*

SO ORDERED: December 11, 2020


/S/ Shelley C. Chapman
Hon. Shelley C. Chapman
United States Bankruptcy Judge

## Exhibit A

**DECLARATION OF ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND BY
THE CONFIDENTIALITY AGREEMENT AND STIPULATED PROTECTIVE ORDER**

I, _____ , declare under penalty of perjury (this "Declaration") that:

1.      My address is

2.      My present employer is

3.      My present occupation or job description is _____

_____

4.      I hereby certify and agree that I have read and understand the terms of the
Confidentiality Agreement and Stipulated Protective Order (the "**AP Protective Order**") entered
on      , 2020 in *Century 21 Department Stores, LLC, et al. v. Starr Surplus Lines Insurance Co.*,
Adv. Proc. No. 20-1222 (SCC), in the United States Bankruptcy Court for the Southern District
of New York. All capitalized terms not otherwise defined in this Declaration have the meanings
ascribed to such terms in the AP Protective Order. I further certify that I will not use Designated
Material for any purpose other than the Adversary Proceeding and will not disclose or cause
Designated Material to be disclosed to anyone not expressly permitted by the AP Protective Order
to receive Designated Material. I agree to be bound by the terms and conditions of the AP
Protective Order.

5.      I understand that I am to retain in confidence from all individuals not expressly
permitted to receive Designated Material, whether at home or at work, all copies of any
Designated Materials, and that I will carefully maintain such materials in a manner consistent with
the AP Protective Order. I acknowledge that the return or destruction of Designated Material shall
not relieve me from any other continuing obligations imposed upon me by the AP Protective
Order.

23

6.      I acknowledge and agree that I am aware that by receiving Designated Material.

(a)    I may be receiving material non-public information about companies that issue securities and

(b)    there exist laws, including federal securities laws, that may restrict or prohibit the sale or purchase of securities of such companies as a result of the receipt of such information.

7.      I stipulate to the jurisdiction of this Court solely with respect to the provisions of the AP Protective Order.

Date:

_____

(Signature)